FILED

2016 OCT 31 AM 11: 14

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

H.S. a minor, by and through
her natural parent and legal guardian,
MATTHEW SAMES,

Plaintiff,

v.

CASE NO.: 6:16-CV-1895-ORL-31-DCI

MAGICAL CRUISE COMPANY, LIMITED
d/b/a DISNEY CRUISE LINE, a foreign
profit corporation,

Defendant.
_______________________________/

**COMPLAINT**

COMES NOW, Plaintiff, H.S., a minor, by and through her natural parent and legal guardian, MATTHEW SAMES, and through the undersigned attorney, hereby files this civil Complaint against Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a DISNEY CRUISE LINE, a foreign profit corporation, and states:

1. This is an action for damages that exceed $75,000.00, exclusive of attorney's fees and costs.

2. Plaintiff, MATTHEW SAMES, as natural parent and legal guardian of H.S., a minor, is a natural person and resident of Rexford, Saratoga County, New York, as is H.S. at all times material.

3. At all times material hereto, Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a DISNEY CRUISE LINE (hereinafter referred to as "DISNEY CRUISE LINE") was upon information and belief a foreign profit corporation licensed to and conducting business in the State of Florida, and did conduct business in Florida as DISNEY CRUISE LINE, providing cruise ship voyages to paying passengers, and owned and/or operated a cruise ship

known as the M/V DISNEY DREAM.

4. Jurisdiction is proper in this Court under 28 U.S.C. 1333, which provides original jurisdiction to United States District Courts exclusive of state courts of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they may be entitled", and pursuant to Article III, Section 2 of the U.S. Constitution.

5. Venue is proper in the Middle District of Florida in that Defendants' principal place of business is in Orlando, Florida, and this action is governed by a forum selection clause--chosen by the Defendant--which provides that all suits will be brought in federal court in Orlando, Florida. Defendant has therefore agreed, in writing, that jurisdiction and venue are proper in the Middle District of Florida under the terms of the cruise ticket tendered by the Defendant to Plaintiff.

6. On or about November 3, 2015, the Plaintiff's child, H.S., was injured aboard the Defendant's vessel during a cruise which originated in, and returned to, Port Canaveral, Florida.

7. H.S. is a special needs passenger and the same was known to Defendant including that H.S. required the use of a motorized wheelchair to get around Defendant's vessel.

## COUNT I NEGLIGENCE

8. At all times material the Defendant-DISNEY CRUISE LINES had a duty to use reasonable care toward its passengers under the circumstances known to the Defendant—including that DISNEY CRUISE LINES actively markets to families with special needs children and holds itself out as making accommodations to such customers.

9. At all times, Defendant had a duty to its passengers, including special needs minor, H.S., to have safe passage ways, and to keep and maintain safe passage ways, of the Royal Palace located on the 3rd deck on the DISNEY CRUISE LINE MV DREAM.

10. At all times, Defendant had a duty to its passengers, including special needs minor, H.S., to keep its passageways on its vessel so they would not present a hazard and risk of injury not reasonably known to its passengers, but which Defendants knew or should have known existed in the exercise of reasonable care.

11. Defendant had a further duty to its passengers and the Plaintiff, and to H.S., to warn of dangerous conditions which DISNEY CRUISE LINES employees, and which employees on the MV DREAM, knew or should have known in the exercise of reasonable caution.

12. On or about November 3, 2015, Defendant breached its duties to the Plaintiff, by failing to use reasonable care under the circumstances in negligently failing to maintain and mark the passageways of the Royal Palace located on the 3rd deck on the DISNEY CRUISE LINE MV DREAM.

13. As H.S., age 11, was traversing the beige colored marble flooring operating her motorized wheelchair in the Royal Palace area of the cruise ship, the child suddenly and without any warning "went flying" over the marble step-down in her path. H.S. was unable to see the unmarked and indistinguishable step-down due to the camouflage and deceptive nature of the flooring pattern. H.S. fell and struck face-first onto the marble floor sustaining severe personal injuries, including, but not limited to a head injury, right eye contusion and fracture.

14. As a proximate result of Defendant's negligent failure to maintain and mark the passageways, and failure to warn the Plaintiff or H.S. of the dangerous condition, on or about November 3, 2015, Plaintiff's child, H.S., severely injured her body.

15. The Defendant breaches, and breached, its duty of care in this case to maintain this area in a reasonably safe condition under the circumstances, in that, inter alia:

1. Defendant is on notice that many passengers have special needs, including those

using wheelchairs on its vessels, and Defendant is specifically on notice that is the case on the Disney Dream;

2. Defendant markets itself to special needs passengers to attract those customers aboard its vessels, including specifically the Disney Dream;
3. Defendant's marketing itself as safe for and accommodating to customers requiring special needs leads customers to reply upon those representations—including here the Plaintiff;
4. Defendant markets its alterations and accommodations to its vessel Disney Dream as being designed specifically to accommodate its prospective customers with special needs;
5. Defendant, despite knowing that special needs customers are on the vessel, fails, and failed to provide safe access to common areas on the vessel, such as here in this case the Royal Palace area;
6. Defendant failed to demarcate the step-down area on its vessel where minor H.S. fell;
7. Defendant failed to provide a readily accessible alternative access to the Royal Palace area to its guests, including specifically to H.S.;
8. Defendant fails, and failed in this case, to adequately inform special needs guests that there will places on the vessel *in common areas* which do not provide readily accessible safe access;
9. Defendant provides the impression that the vessel is safe for people with special needs—"Most Guest areas aboard the ship, including theaters, restaurants and shops are accessible"--and there is, and was, no reason to believe that this *common area*, the Royal Palace, would not also have been special needs accessible;
10. Defendant could have made the area where H.S. fell special needs accessible and could have marked the area or otherwise informed the Plaintiff and H.S. that such common areas are not special needs accessible.

16. By failing to maintain the vessel in a safe condition for their passenger, H.S., as more fully stated above, the Defendant knew or should have known in the exercise of reasonable caution that there were prior wheelchair accessibility issues in the Royal Palace area and that there was no warning of it so as to reduce the risk of passengers such as H.S. from falling and

sustaining injuries. Defendant posted no warnings signs and gave no immediate notice to patrons of the presence of the dangerous condition.

17. The aforementioned negligence of the Defendant created a hazardous condition to its passengers and to H.S. specifically, and the condition was known to the Defendant or had existed for a sufficient length of time so that Defendant should have known of it, or that incidents occur with such frequency at the location, and upon other similar configured Disney Cruise Line vessels.

18. As a direct and proximate result of Defendant's negligence and Plaintiff's child's fall, H.S., suffered injury, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, and significant medical expenses. Said losses are either permanent or continuing in nature, and H.S. will suffer these in the future.

**WHEREFORE**, Plaintiff, MATTHEW SAMES, as natural parent and legal guardian of H.S., a minor, demands judgment for the stated damages above, interest and costs against Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a DISNEY CRUISE LINE, a trial by jury, and any such other relief to which the Plaintiff may be justly entitled.

## COUNT II NEGLIGENT DESIGN

Plaintiff re-alleges paragraphs one through seven as though fully set forth herein, and the Plaintiff states as follows:

19. At all times material the Defendant-DISNEY CRUISE LINES had a duty to use reasonable care toward its passengers in creating, participating in, or approving the design of its vessel, DISNEY DREAM.

20. DISNEY CRUISE LINES actively markets to families with special needs children and holds itself out as making accommodations to such customers.

21. At all times, Defendant had a duty to its passengers, including special needs minor, H.S., to design, or approve the design, of safe passage ways, including of the Royal Palace located on the 3rd deck on the DISNEY CRUISE LINE MV DREAM.

22. At all times, Defendant had a duty to its passengers, including special needs minor, H.S., to design, or approve the design, of its passageways on its vessel so they would not present a hazard and risk of injury to its passengers, but which Defendants knew or should have known existed in the exercise of reasonable care.

23. On information and belief, on or about November 3, 2015, Defendant breached its duties to the Plaintiff, by previously failing to use reasonable care under the circumstances in negligently creating, participating in the designing, or approving the design, of the passageways of the Royal Palace located on the 3rd deck on the DISNEY CRUISE LINE MV DREAM.

24. As H.S., age 11, was traversing the beige colored marble flooring operating her motorized wheelchair in the Royal Palace area of the cruise ship, the child suddenly and without any warning "went flying" over the marble step-down in her path. H.S. was unable to see the unmarked and indistinguishable step-down due to the camouflage and deceptive nature of the flooring pattern. H.S. fell and struck face-first onto the marble floor sustaining severe personal injuries, including, but not limited to a head injury, right eye contusion and fracture.

25. As a proximate result of Defendant's negligent failure in creating, participating in the designing, or approving the design, of the passageways of the Royal Palace located on the 3rd deck on the DISNEY CRUISE LINE M/V DREAM, on or about November 3, 2015, Plaintiff's child, H.S., severely injured her body.

26. The Defendant breached its duty of care in this case in negligently creating, participating in the designing, or in approving the design (or alteration) of the DISNEY CRUISE LINE M/V DREAM under the circumstances that, inter alia:

1. Defendant is on notice that many passengers have special needs, including those using wheelchairs on its vessels, and Defendant is specifically on notice that is the case on the Disney Dream;
2. Defendant marketed itself to special needs passengers to attract those customers aboard its vessels, including specifically the Disney Dream;
3. Defendant marketed its alterations and accommodations to its vessel Disney Dream as being designed specifically to accommodate its prospective customers with special needs, like the Plaintiff's child;
4. Defendant's marketing of itself having a vessel designed as safe for and accommodating to customers requiring special needs leads customers to reply upon those representations—including here the Plaintiff;
5. Defendant, despite knowing that special needs customers will be on the vessel, previously created, participated in, or approved the negligent design or alterations which failed to provide safe access to common areas on the vessel, such as here in this case the Royal Palace area;
6. Defendant previously, created, participated in, or approved the negligent design or alterations which failed to demarcate the step-down area on its vessel where minor H.S. fell;
7. Defendant previously, created, participated in, or approved the negligent design which failed to provide a readily accessible alternative access to the Royal Palace area to its guests, including specifically to H.S.;
8. Defendant created, participated in, or approved the negligent design which failed to adequately provide safe access to special needs guests *in common areas* of the vessel;
9. Defendant provided the impression that the vessel is safe for people with special needs—"Most Guest areas aboard the ship, including theaters, restaurants and shops are accessible"—but in previously creating, participating in, or approving the negligent design, or alterations, the Defendant did not provide readily accessible access to the *common area*, the Royal Palace, where H.S. fell;
10. Defendant in creating, participating in, or approving the negligent design could have made the area where H.S. fell readily accessible when the Defendant knew it would solicit the business of customers with special needs, including the Plaintiff;
11. Defendant in creating, participating in, or approving the negligent design could have

marked the area where H.S. fell when the Defendant knew it would solicit the business of customers with special needs, including the Plaintiff.

27. By negligently creating, participating in, or approving the negligent design of the vessel so as not to be in a safe condition for their special need passengers, including here H.S., as more fully stated above, the Defendant knew or should have known in the exercise of reasonable caution that there would be wheelchair accessibility issues in the Royal Palace.

28. The aforementioned negligence of the Defendant created a hazardous condition to its passengers and to H.S. specifically, and the condition was known to the Defendant or was within Defendant's control in the creation of the design, participation in the design, or acceptance of the design, (or alteration) of the vessel, that such would present itself as a dangerous condition to DISNEY CRUISE LINE's intended special needs customers like H.S.

29. As a direct and proximate result of Defendant's negligence and Plaintiff's child's fall, H.S., suffered injury, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, and significant medical expenses. Said losses are either permanent or continuing in nature, and H.S. will suffer these in the future.

**WHEREFORE**, Plaintiff, MATTHEW SAMES, as natural parent and legal guardian of H.S., a minor, demands judgment for the stated damages above, interest and costs against Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a DISNEY CRUISE LINE, a trial by jury, and any such other relief to which the Plaintiff may be justly entitled

Respectfully submitted this 31st day of October, 2016.

Frank D. Butler, Esquire
FBN: 940585
James S. Curtis, Esquire
FBN: 0738654

Frank D. Butler, P.A.
10550 U.S. Hwy. 19 North
Pinellas Park, FL 33782
Tel: (727) 399-2222
Fax: (727) 399-2202
Attorney for Plaintiff
fdblawfirm@aol.com
jcurtis@fightingforfamilies.com
twerner@fightingforfamilies.com